908 So.2d 1178 (2005)
MN MEDINVEST CO., L.P., JBGE/Medinvest Inc., John B. Goodman Enterprises, Inc., Sage Company, Sidney A. Goodman, John B. Goodman, Rebecca Blaise, Sharon Stelbasky, Patrick Dauchot, Barbara Gallaher, and Frank Safy (as to Sabal Palm Health Care Center), Appellants,
v.
The ESTATE OF Melissa Lee NICHOLS, by and through Terrena D. NICHOLS, personal representative, Appellee.
No. 2D04-3237.
District Court of Appeal of Florida, Second District.
August 26, 2005.
Betsy E. Gallagher, Scott A. Cole, and Alyssa A. Ruge of Cole, Scott & Kissane, P.A., Tampa, for Appellants.
Susan B. Morrison of Law Offices of Susan B. Morrison, P.A., and Kimberley M. Kohn of Wilkes & McHugh, P.A., Tampa, for Appellee.
WHATLEY, Judge.
The Appellants challenge the nonfinal order denying their motion to stay and/or to compel arbitration of the claims filed against them by Terrena Nichols (the Mother), as personal representative of the estate of her deceased minor daughter. In the order, the trial court found that the Mother did not have authority to waive her daughter's constitutional right to a jury trial by signing a contract for her daughter's medical care that contained an arbitration clause. We reverse.
*1179 The Mother entered into a contract with the Appellants' nursing home for the care of her severely injured daughter. The contract contained an optional arbitration clause that called for the signatories to mark through the clause with an x if they did not wish to include the arbitration provision in the contract. The Mother signed the contract without marking through the clause. The director of admissions for the nursing home testified that the Mother's initials on the page of the contract containing the arbitration clause signified that the entire page had been explained to her. The Mother identified her signature on the contract, but she testified that she could not remember anyone explaining the contract or the arbitration clause to her. She stated that it was a very stressful time for her, and she could not concentrate during the admissions process.
The daughter died a month after she left the nursing home. The Mother filed an action against the Appellants alleging causes of action pursuant to chapter 400, Florida Statutes (2000), and for negligence, wrongful death, and breach of fiduciary duty. The Appellants filed a motion to stay and/or to compel arbitration pursuant to the contract signed by the Mother. At the hearing on the Appellants' motion, the trial court stated that it read Shea v. Global Travel Marketing, Inc., 870 So.2d 20 (Fla. 4th DCA 2003), quashed 908 So.2d 392 (Fla. 2005), to require denial of the motion. In Shea, the Fourth District stated that Florida's public policy favors the protection of minors from waiver of their basic rights by a parent. Consequently, it held that a parent did not have the authority to waive her minor son's right to a jury trial by entering into a commercial travel contract on behalf of the child that contained an arbitration clause. In so holding, however, the Fourth District recognized an exception for a parent's procuring of medical care for her child. When the Florida Supreme Court quashed Shea,[1] it commented that the Fourth District had correctly recognized the medical care exception, "which is consistent with the law of necessaries (or necessities), under which children, who normally are incompetent to contract, may be bound to the terms of contracts for necessary services such as medical treatment." 908 So.2d at 402.
There is no question in the present case that the agreement between the Mother and the nursing home was for the medical care of the Mother's minor child. Thus, pursuant to the law of necessities, the arbitration clause in that agreement should have been enforced by the trial court. Accordingly, we reverse and remand with directions that the trial court enter an order staying the Mother's action against the Appellants and compelling arbitration of her claims.
Reversed and remanded with directions.
SALCINES and WALLACE, JJ., Concur.
NOTES
[1] The supreme court held that the mother did have the authority to enter into the commercial travel contract because the arbitration provision was not unconscionable, in violation of any statutes, or void as against public policy. Global Travel Mktg., Inc. v. Shea, 908 So.2d 392 (Fla. 2005).